## Anna Bernklaw, Appellant, v. Louis Greco, Appellee.
## Gen. No. 45,274.

Opinion filed January 29, 1951. Released for publication March 2, 1951.

NATHAN M. GOMBERG, of Chicago, for appellant.

EDWARD S. CODY and ROBERT J. MONAHAN, both of Chicago, for appellee.

MR. JUSTICE FEINBERG delivered the opinion of the court.

From an order striking the complaint and dismissing the suit at plaintiff's costs, plaintiff appeals.

The complaint, filed February 28, 1950, alleged the recovery of a judgment against defendant on March 16, 1932, in the superior court of Cook county. From a written motion to strike, which by reference made the record in the case in which the judgment sued upon

was entered a part thereof, and from the findings contained in the order striking the instant complaint and dismissing the cause, the following facts appear: Plaintiff brought the original action against Herman Bein and this defendant for injuries sustained through the alleged negligence of both defendants; that upon a trial of that suit, a verdict was returned on February 21, 1930, of not guilty in favor of this defendant and guilty as to defendant Bein; that defendant Bein, during the February Term of that court, made a motion for new trial, but no motion for new trial was made by plaintiff as to this defendant; that the motion for new trial was heard on March 29, 1930, and allowed; that plaintiff in said action then orally moved for a new trial as to the present defendant, which was then granted over the objection of this defendant; that thereafter the cause came on to be heard *ex parte* against this defendant on March 16, 1932, resulting in a finding and judgment of $1,500 against this defendant, and is the basis for the instant action; that the trial court found in the present order appealed from that the judgment referred to was void *ab initio* for lack of jurisdiction of the court, in the action in which the judgment was rendered, to grant plaintiff a new trial.

██ The only question on this appeal is whether, under the Practice Act of 1907 (the present Civil Practice Act not applying), plaintiff had the right, with the permission of the trial court, to move for a new trial at a term subsequent to the one in which the verdict was rendered and entered. The applicable provision in the Practice Act of 1907 (ch. 110, par. 77, Smith-Hurd's Rev. Stat.) read as follows:

" . . . If either party may wish to except to the verdict, or for other causes, to move for a new trial or in arrest of judgment, *he shall, before final judgment be entered, or during the term it is entered,* by himself

or counsel, file the points in writing, particularly specifying the grounds of such motion, and final judgment shall thereupon be stayed until such motion can be heard by the court." (Italics ours.)

It will be noted that the statutory provision permitted making the motion for new trial before final judgment or during the term it is entered, and clearly, there having been no final judgment entered when plaintiff orally made his motion for new trial, the court had the jurisdiction and power to permit such a motion to be made. The court having jurisdiction to grant plaintiff a new trial, it appears from the record that the case thereafter came on regularly to be heard. This defendant did not appear upon the second trial, and a judgment was entered *ex parte*. Defendant had notice of the entry of this judgment, because the record discloses he filed a debtor's schedule in 1932, when the execution upon the judgment was served. No appeal from the judgment was taken. The court was not without jurisdiction to enter the judgment sued upon, and the trial court was in error in entering the order appealed from.

The order is reversed and the cause remanded with directions to overrule the motion and direct an answer to be filed to the complaint.

*Reversed and remanded with directions.*

NIEMEYER, P. J., and TUOHY, J., concur.